[No. H013453. Sixth Dist. Oct. 5, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW JULIUS JOACHIM, Defendant and Appellant.

## COUNSEL

Laurance S. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman, Tyler R. Meade and Alyce C. Sandbach, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—The only issue on appeal is whether a personal firearm use enhancement (Pen. Code, § 12022.5) applies to a conviction of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b).)[1] The answer is yes for the reasons stated below, so we will affirm the judgment.

In the early morning hours of August 1, 1994, defendant Matthew Julius Joachim confronted the victim Scott Blodgett in a garage and asked him why he had some of defendant's compact discs. Blodgett retreated into the house. Defendant went inside the house, pulled a gun from his waistband, placed the muzzle against Blodgett's neck, and told him to go back into the garage. Defendant and Blodgett returned to the garage. Defendant paid another person in the garage a $40 debt owed by Blodgett and told Blodgett that defendant wanted his $40 immediately. Defendant had another person drive defendant and Blodgett to Blodgett's house. Defendant sat behind Blodgett in the car. En route, defendant placed the gun against Blodgett's neck. The gun discharged, leaving Blodgett with a one-inch flesh wound.

Defendant waived preliminary examination and pled no contest to assaulting Blodgett with a semiautomatic handgun (Pen. Code, § 245, subd. (b)) and being an ex-felon in possession of a firearm (Pen. Code, § 12021, subd. (a)). He also admitted that he personally used the gun. (Pen. Code, § 12022.5, subd. (a).)[2]

At the sentencing hearing defendant argued that Penal Code section 12022.5 did not apply to a conviction under Penal Code section 245, subdivision (b). The prosecutor argued that it did apply. The trial court sentenced defendant to fourteen years in prison, consisting of the upper term of nine years for the assault, enhanced by the upper term, five consecutive years, for the personal firearm use, with punishment for being an ex-felon in possession of a weapon stayed pursuant to Penal Code section 654.

---

[1]Penal Code section 245 states: "(b) Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years."

[2]In August 1994, at the time of the offense, section 12022.5 provided in part as follows: "(a) Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for three, four, or five years, unless use of a firearm is an element of the offense of which he or she was convicted. . . . The court shall order imposition of the middle term unless there are circumstances in aggravation or mitigation. The court shall state its reasons for its enhancement choice on the record at the time of sentencing." (Stats. 1993, ch. 611, §·31.5.)

On appeal, defendant acknowledges that Penal Code section 12022.5 expressly provides that a personal firearm use enhancement can be imposed on certain convictions of assault with a firearm. Subdivision (d) provides: "The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245, or murder if the killing was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict great bodily injury or death."

 Defendant contends that Penal Code section 12022.5, subdivision (d) must be construed as excluding the crime of which he was convicted, Penal Code section 245, subdivision (b), because subdivision (d) does not expressly mention it.

As just quoted, Penal Code section 12022.5, subdivision (d) expressly authorizes applying a personal firearm use enhancement to three types of crimes, (1) a violation of Penal Code section 245, subdivision (a)(2),[3] (2) a certain type of murder by shooting from a vehicle, and (3) "assault with a deadly weapon which is a firearm under Section 245." In issue is whether the last quoted phrase applies to Penal Code section 245, subdivision (b).

This phrase has already been construed in *People* v. *Moore* (1986) 178 Cal.App.3d 898 [224 Cal.Rptr. 204] and *People* v. *Martinez* (1987) 194 Cal.App.3d 15 [239 Cal.Rptr. 272]. Those cases point out that this language was enacted in 1982 in a new version of Penal Code section 12022.5 in tandem with a revision of Penal Code section 245.

Prior to this 1982 revision, section 245 described assault as involving a deadly weapon or instrument, without specifically mentioning assault with a firearm. (*People* v. *Moore, supra,* 178 Cal.App.3d at p. 901.) Case law had established that a Penal Code section 245 conviction could be enhanced under the former version of section 12022.5 because firearm use was not an element of section 245. (E.g., *People* v. *Read* (1983) 142 Cal.App.3d 900, 905-906 [191 Cal.Rptr. 305].)

The 1982 revision of Penal Code section 245 described four types of assaults, two that were committed "with a firearm" and two that were committed with a weapon "other than a firearm." (*People* v. *Martinez, supra,* 194 Cal.App.3d at p. 20, fn. 2.) *People* v. *Martinez, supra,* demonstrated that

---

[3]Section 245, subdivision (a)(2), states: "Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment."

the legislative intent in including the phrase "assault with a deadly weapon which is a firearm under Section 245" in Penal Code section 12022.5 was to ensure that the enhancement applied to those new offenses in section 245 that were committed "with a firearm." (194 Cal.App.3d at pp. 21-23.) *People v. Moore, supra,* went further in concluding that the enhancement also applied to an assault with a firearm by means of force likely to produce great bodily injury under subdivision (a)(1) of section 245. (178 Cal.App.3d at p. 904.)

Defendant argues that this precedent is irrelevant. He asserts that even if the quoted phrase in Penal Code section 12022.5, subdivision (d) was intended to apply to offenses defined by a concurrent enactment, it does not apply to Penal Code section 245, subdivision (b) because subdivision (b) was not enacted until 1989. (Stats. 1989, ch. 18, § 1, p. 52.)

Defendant provides no authority for the proposition that a statute cannot be construed to contemplate later enactments. If possible, statutes should be harmonized with later enacted statutes related to the same topic. (Cf. *Estate of Woodward* (1964) 230 Cal.App.2d 113, 119 [40 Cal.Rptr. 781].) No principle of law prevents the Legislature from enacting a general rule and later enacting specific statutes subject to that rule. (E.g., *Williams v. Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 608 [68 Cal.Rptr. 297, 440 P.2d 497].) Moreover, we note that the Legislature had Penal Code section 12022.5 in mind when it enacted subdivision (b) of section 245. The same statute that enacted subdivision (b) also revised other parts of section 12022.5, while leaving intact the quoted language from subdivision (d). (Stats. 1989, ch. 18, § 3, pp. 54-55.)

Defendant notes that Penal Code section 245, subdivision (b) provides sentences of three, six, and nine years for assault with a semiautomatic firearm, which are longer than the two, three, and four years provided by subdivision (a)(2) of section 245 for "simple" assault with a firearm. From this, defendant infers that the penalty provisions of subdivision (b) were intended by the Legislature to preclude enhancement for personal use of a firearm. This inference is not reasonable and finds no support in precedent or in the legislative history of Penal Code section 245, subdivision (b) which we have judicially noticed.

We conclude that the general language in subdivision (d) of Penal Code section 12022.5 which states that "[t]he additional term provided by this section may be imposed in cases of . . . assault with a deadly weapon which is a firearm under Section 245" applies to subsequently enacted subdivision (b) of Penal Code section 245. The trial court did not err by imposing this enhancement.

The judgment is affirmed.

Cottle, P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 18, 1996.