Filed 6/10/13  P. v. Nunez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE L. NUNEZ,<br><br>    Defendant and Appellant. | A135803<br><br>(Sonoma County<br>Super. Ct. No. SCR-601471) |

Defendant entered a plea of no contest to one count of sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and one count of possession for sale of methamphetamine (Health & Saf. Code, § 11378).[1]  In accordance with the plea agreement, imposition of sentence was suspended and defendant was placed on probation for three years, on the conditions, among others, that he comply with a drug treatment program, and refrain from use of medical marijuana if so directed by the program.  He argues in this appeal that the proscription against his use of medical marijuana is invalid.  We conclude that under the circumstances presented the trial court did not abuse its discretion by ordering defendant to abstain from marijuana use as a condition of his probation, and affirm the judgment.

---

[1] As part of the negotiated disposition of the case, other charges of possession of methamphetamine, sale of methamphetamine, and possession of methamphetamine for sale were dismissed, as was an allegation of a prior strike conviction.  All further statutory references are to the Health and Safety Code.

## STATEMENT OF FACTS[2]

On January 31, 2011, an undercover detective for the Santa Rosa Police Department arranged by telephone to purchase methamphetamine from defendant. Later that day, defendant and the detective met in the parking lot of the Santa Rosa department store, where defendant sold the detective a 3.35-gram package of methamphetamine for $240. A second purchase of a package of 1.62 grams of methamphetamine from defendant was initiated by an undercover detective for the Santa Rosa Police Department, and completed on the afternoon of February 3, 2011. A subsequent search of defendant's residence and vehicle resulted in seizure of additional methamphetamine, along with baggies and other items used to package methamphetamine.

Following defendant's entry of his no contest plea, at the sentencing hearing on February 15, 2012, the court placed defendant on formal probation for 36 months upon the conditions that he obey all laws, complete all counseling programs, and not "possess or use any controlled substances or associated paraphernalia without a valid prescription." Defendant advised the court that he intended to retain his "215" medical marijuana card prescribed to him for his "back problem." The court directed defendant to carry a "valid 215" medical marijuana card and "show proof of that" to his probation officer.

On May 4, 2012, defendant appeared at a hearing to inform the court that the drug counseling program in which the probation department had placed him, the Day Reporting Center, prohibited use of marijuana, including medical marijuana. Defendant requested placement in a "different program," or a court order allowing him to use medical marijuana "while he's in the program." The court set an additional hearing to grant defendant the opportunity to present "medical proof" or other witnesses to establish that medical marijuana is the only alternative to "deal with his pain." The probation department was also asked to present an "oral report" at the hearing on defendant's use of medical marijuana and "participation in the drug program."

---

[2] In light of the no contest plea we will recite the facts pertinent to the underlying offenses only as necessary to the issues presented on appeal.

2

At the subsequent hearing defense counsel offered to the court "a note" of unexplained content from defendant's doctor, and stated that defendant had been provided with "medication for pain, which is a narcotic, Norco or Vicodin," in addition to his medical marijuana. The drug counseling program disallowed defendant's medical marijuana use, but not his use of prescription Norco. Defense counsel responded to an inquiry from the court by acknowledging that pharmaceutical alternatives such as Norco exist to relieve defendant's pain, but asserted that defendant "has bad reactions to Norco and would prefer to use the marijuana in place of the Norco." The defense was not prepared to present medical testimony that defendant had no alternative "except smoke marijuana." The probation department represented to the court that the Day Reporting Center was the counseling program defendant needed to succeed, in light of his history and commitment offenses, and all those who participate in that program are not permitted to smoke marijuana.

The court exercised its discretion in favor of ordering defendant to follow the directives of the probation department and abstain from use of medical marijuana while in a drug counseling program. This appeal followed.

**DISCUSSION**

Defendant challenges the trial court's decision to disallow his lawful use of medical marijuana while on probation. He maintains that use of "medical marijuana obtained pursuant to a physician's recommendation" must be treated no differently than "any other lawfully prescribed medication" for back pain relief, "such as Norco." He claims the court therefore erred by requiring the defense to present "medical evidence" that "there is absolutely nothing else he can do except smoke marijuana" to alleviate his pain. Defendant asserts that the court abused its discretion by effectively imposing a probation condition that proscribes his medical marijuana use.

We of course have no quarrel with the proposition urged by defendant that his medical marijuana use is not unlawful, although existing law creates a limited immunity to certain crimes rather than a blanket right to lawfully use marijuana for medical purposes. (*People v. Mower* (2002) 28 Cal.4th 457, 470; *Browne v. County of Tehama*

3

(2013) 213 Cal.App.4th 704, 711; *People v. Urziceanu* (2005) 132 Cal.App.4th 747, 774.)  Marijuana remains a schedule I controlled substance in California.  (*Ross v. RagingWire Telecommunications, Inc*. (2008) 42 Cal.4th 920, 923.)  "Both federal and California laws generally prohibit the use, possession, cultivation, transportation, and furnishing of marijuana.  However, California statutes, the Compassionate Use Act of 1996 (CUA; Health & Saf. Code, § 11362.5, added by initiative, Prop. 215, as approved by voters, Gen. Elec. (Nov. 5, 1996)) and the more recent Medical Marijuana Program (MMP; § 11362.7 et seq., added by Stats. 2003, ch. 875, § 2, p. 6424), have removed certain state law obstacles from the ability of qualified patients to obtain and use marijuana for legitimate medical purposes.  Among other things, these statutes exempt the 'collective[] or cooperative[] . . . cultiva[tion]' of medical marijuana by qualified patients and their designated caregivers from prosecution or abatement under specified state criminal and nuisance laws that would otherwise prohibit those activities. (§ 11362.775.)"  (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729, 737, fn. omitted.)

The MMP was enacted by the Legislature to clarify the scope of the CUA, and "created a voluntary program for the issuance of identification cards to qualified patients and primary caregivers.  (§ 11362.71.)  [¶] The MMP also 'immunizes from prosecution a range of conduct ancillary to the provision of medical marijuana to qualified patients. [Citation.]'  [Citation.]  'Section 11362.765 accords qualified patients, primary caregivers, and holders of valid identification cards, an affirmative defense to certain enumerated penal sanctions that would otherwise apply to transporting, processing, administering, or giving away marijuana to qualified persons for medical use.' [Citation.]  The MMP provides that specified individuals 'shall not be subject, *on that sole basis*, to criminal liability' under sections 11357 (possession), 11358 (cultivation), 11359 (possession for sale), 11360 (transportation), 11366 (maintaining location for selling, giving away or using controlled substances), 11366.5 (managing location for manufacture or storage of controlled substance), or 11570 ('drug den' abatement law). (§ 11362.765, subd. (a), italics added.)"  (*Browne v. County of Tehama, supra,* 213

4

Cal.App.4th 704, 712–713.) In addition, section 11362.795, subdivision (a)(1), specifically provides that, "Any criminal defendant who is eligible to use marijuana pursuant to Section 11362.5 may request that the court confirm that he or she is allowed to use medical marijuana while he or she is on probation or released on bail."[3]

The validity of probation conditions prohibiting use of otherwise authorized or prescribed marijuana use have been considered and resolved by this court in recent opinions. The governing test is *not*, as defendant suggests, simply "whether the defendant's asserted right to use marijuana for medical purposes satisfies the CUA." (*People v. Brooks* (2010) 182 Cal.App.4th 1348, 1351–1352.) In *People v. Leal* (2012) 210 Cal.App.4th 829, 837 (*Leal*), another division of this court was presented with the issue of "a probation condition banning marijuana possession and use, even as authorized by the CUA," where, as here, "circumstances suggest to a sentencing court that a defendant would be rehabilitated" by a drug treatment plan that recommended no use or possession of controlled substances, including marijuana. Following a comprehensive examination of the validity of probation conditions in the context of authorized medical marijuana use, the court adopted a "three-step inquiry into limiting CUA use of marijuana by a probationer. First, we examine the validity of any CUA authorization; second, we apply the threshold *Lent* test[4] for interfering with such authorization; and third, we consider competing policies governing the exercise of discretion to restrict CUA use." (*Ibid.*)

---

[3] In full, section 11362.795, subdivision (a), reads: "(1) Any criminal defendant who is eligible to use marijuana pursuant to Section 11362.5 may request that the court confirm that he or she is allowed to use medical marijuana while he or she is on probation or released on bail.

"(2) The court's decision and the reasons for the decision shall be stated on the record and an entry stating those reasons shall be made in the minutes of the court.

"(3) During the period of probation or release on bail, if a physician recommends that the probationer or defendant use medical marijuana, the probationer or defendant may request a modification of the conditions of probation or bail to authorize the use of medical marijuana.

"(4) The court's consideration of the modification request authorized by this subdivision shall comply with the requirements of this section."

[4] *People v. Lent* (1975) 15 Cal.3d 481.

As in *Leal*, we have no reason based on the record before us to question the legitimacy of defendant's medical marijuana card, so we proceed "to the step-two question of whether a nexus to his crimes or future criminality existed, under the *Lent* test, to allow judicial interference" with defendant's lawful use of medical marijuana. (*Leal, supra,* 210 Cal.App.4th 829, 840.)

"A trial court has broad, but not unlimited, discretion in setting the terms and conditions of probation. [Citations.] On appeal, we review the trial court's exercise of that discretion under the abuse of discretion standard. 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citations.] All three factors must be present for a condition of probation to be invalid. [Citation.] Furthermore, '[i]nsofar as a probation condition serves the statutory purpose of "reformation and rehabilitation of the probationer," [citation] it necessarily follows that such a condition is "reasonably related to future criminality" and thus may not be held invalid whether or not it has any "relationship to the crime of which the offender was convicted." ' [Citation.] A trial court does not abuse its discretion unless its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' [Citation.]" (*People v. Hughes* (2012) 202 Cal.App.4th 1473, 1479 (*Hughes*).)

The record provides ample support for a finding that a prohibition on defendant's marijuana use, although not criminal for purposes of the *Lent* test, has a relationship to the crimes of which he was convicted and is reasonably related to deterring future criminality. He was convicted of drug offenses: one count of sale of methamphetamine, and one count of possession for sale of methamphetamine. The information available to the sentencing court reveals that defendant actively and repeatedly engaged in drug sales. He has a lengthy, extensive history of theft and drug offenses, along with at least intermittent drug use, and chronic alcohol abuse. He failed in a prior substance abuse treatment plan, which resulted in revocation of his probation and imposition of a state

6

prison term. The sentencing court was justified in finding that the residential treatment program identified by the probation department was necessary to facilitate defendant's successful completion of probation. The probation department indicated that the Day Reporting Center counseling program, which was considered appropriate for defendant's particular needs, did not permit marijuana use, which was also an entirely reasonable restriction. On this record the *Lent* test is satisfied, and thus provides threshold discretion for the court to interfere with authorized medical marijuana use. (*Hughes, supra,* 202 Cal.App.4th 1473, 1481.)

That brings us to step three under *Leal*. Finding discretion under the *Lent* test to interfere with a probationer's medical use of marijuana "does not mean that the court *must* impose an interfering condition, for *discretionary* action is, by definition, something permitted, not required." (*Leal, supra*, 210 Cal.App.4th 829, 843.) Discretion is abused when the determination is arbitrary or capricious, or exceeds the bounds of reason, all of the circumstances being considered. (*Ibid*.) "The step-three exercise of discretion is vital in limiting medical use of marijuana, for it entails a unique balance of competing public policies. On one hand, the step-one conclusion that a defendant has CUA authorization implicates a voter-compelled policy that qualified patients be allowed to alleviate medical problems through the use of marijuana. On the other hand, the step-two conclusion that the relationship of that lawful use to the crimes the defendant committed, or his or her future criminality, raises a competing policy consideration: the need to rehabilitate the defendant and protect the public during his or her release on probation. The resolution of these competing policies necessarily requires weighing the needs of one against the other before deciding whether and how much to limit the lawful conduct." (*Id*. at p. 844.) "The requisite balancing contemplates a judicial assessment of medical need and efficacy based upon evidence: the defendant's medical history, the gravity of his or her ailment, the testimony of experts or otherwise qualified witnesses, conventional credibility assessments, the drawing of inferences, and perhaps even medical opinion at odds with that of the defendant's authorizing physician." (*Ibid*.)

7

We find no abuse of the court's discretion here. With the record reflecting a need to limit or prohibit marijuana use for defendant's rehabilitation and for protection of the public, it was incumbent on him to show, as only he could, that he had a countervailing need to use marijuana for medical purposes. We agree with defendant that he was not required to definitively prove marijuana was the only existing treatment option for his back pain, but in this case he did not offer evidence of an overriding medical need.[5] (*Leal, supra*, 210 Cal.App.4th 829, 844.) Defendant expressed a preference, not a necessity, for medical marijuana use as a pain medication. His counsel acknowledged that medical alternatives were available to treat defendant's back ailment. No testimony was presented that the nature and gravity of defendant's condition demanded marijuana to effectively alleviate his symptoms. In fact, defendant had been treated with the prescription pain medication Norco in the past, without any complaint of ineffectiveness. Counsel merely asserted defendant's dislike for the "way Norco makes him feel." While we recognize that continued use of medical marijuana by probationers may in some cases be critical, the evidence falls well below that level in the present case. The court's finding that the balance of competing policies weighs in favor of restraining defendant's use of medical marijuana while he participates in a counseling program was not an abuse of discretion.[6]

Accordingly, the judgment is affirmed.

---

[5] We review the trial court's ruling, not its reasoning. (*People v. Geier* (2007) 41 Cal.4th 555, 582.)

[6] We observe that the balance of competing policies *may* change if and when defendant successfully completes the specified counseling program.

_____
Dondero, J.

We concur:


_____
Margulies, Acting P. J.


_____
Banke, J.