Filed 2/24/15  P. v. Hicks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060081 |
| v. | (Super.Ct.No. FWV1102758) |
| MAURICE SHAWN HICKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller and Cara D. Hutson, Judges.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Heather M. Clark and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Maurice Shawn Hicks pled no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245,

1

subd. (a)(1), count 3), corporal injury to a cohabitant (Pen. Code, § 273.5, count 4), and criminal threats (Pen. Code, § 422, count 5). A trial court imposed a five-year state prison term, but suspended the sentence and placed defendant on probation for three years, under specified conditions. The court referred the matter to the probation department for further terms and held another hearing to impose the additional terms. Subsequently, the court held a hearing pursuant to *People v. Vickers* (1972) 8 Cal.3d 451 and found defendant in violation of his probation. The court revoked his probation and imposed the previously suspended sentence.

On appeal, defendant contends that the court erred in revoking his probation based on his use of medical marijuana. We disagree and affirm.

PROCEDURAL BACKGROUND

On August 31, 2012, the court modified defendant's probation conditions to add the following condition: "Neither use nor possess any controlled substance without medical prescription. A physician's written notice is to be given to the probation officer."

On September 30, 2013, the probation department filed a petition for revocation of probation, alleging that defendant was given a presumptive drug test on September 25, 2013, and it returned a positive result for marijuana and cocaine.

A probation revocation hearing was held, beginning on November 12, 2013. Probation Officer Ricque Belluscio testified that on September 24, 2013, he conducted a home visit at defendant's residence. Defendant was not there, so the probation officer

2

talked to his grandmother. Officer Belluscio left a card instructing defendant to report to the probation office the next day.

Defendant reported to probation the next day and was given a presumptive drug test. The result was positive. Defendant signed a form in which he voluntarily admitted to using marijuana on September 23, 2013. Defendant told Officer Belluscio that he had a medical marijuana card. The officer told him that the probation department's policy was that probationers cannot use marijuana, even if they have a card. However, at the hearing, Officer Belluscio testified that he "would have to research to see if that's an actual probation policy or if it is a directive that was distributed through our probation e-mail system."

Another probation officer, Addi Garcia, testified that he was defendant's probation officer, and that he previously conducted a home visit on October 2, 2012. Defendant was not there, but his grandmother indicated which bedroom was his. Officer Garcia's partner searched the bedroom and found a sword and several empty bottles of medical marijuana. Officer Garcia met with defendant the next day. Defendant said he was using marijuana daily. Officer Garcia told him he could not possess any type of marijuana paraphernalia and that he could not use marijuana at all. Defendant said he understood.

Defendant testified on his own behalf at the revocation hearing. He admitted that he had failed to appear for his probation review hearing on January 18, 2013, and that he was subsequently arrested and brought before the court. At that time, the court did not impose his suspended sentence, but warned him against committing any further violations.

3

Defendant further admitted that on September 23, 2013, he told the probation officers he smoked marijuana. He said he told the officers that his probation terms said he could not use drugs unless they were prescribed by a doctor. Defendant said he had a marijuana prescription and showed the officers his card; they then told him he was not allowed to use medical marijuana. Defendant confirmed that he signed the form admitting that he smoked marijuana. He also said that day was the first time he had heard that he was not allowed to have medical marijuana. Defendant did not remember Officer Garcia previously telling him in October 2012, that he could not use medical marijuana. Defendant confirmed that his medical marijuana prescription expired on September 5, 2013. He also admitted that he continued to use marijuana after his prescription had expired.

The court heard and considered the testimonies, as well as argument from counsel. It then stated that the minute order dated January 25, 2013, indicated that the court said it would not proceed with a previous probation violation petition, but warned defendant that any further violation of probation would result in the imposition of a state prison sentence. The court then found that defendant had willfully violated his probation, noting that he smoked marijuana on a daily basis. The court remarked that the previous court made it very clear that he was not to deviate from his probation conditions. The court stated that if defendant had a medical marijuana card, and he kept smoking after it had expired, and if he ignored the probation officer's directive to not smoke, even with a card, then he was in violation. The court revoked his probation and imposed the five-year state prison sentence.

ANALYSIS

The Court Properly Exercised its Discretion in Revoking Defendant's Probation

Defendant contends that the trial court erred by revoking his probation based on his use of medical marijuana. He points to the probation officer's testimony concerning a blanket policy prohibiting all probationers from using marijuana and claims that such policy violates Proposition 215. He further argues that the probation officer did not provide any written notification of this policy. Finally, defendant argues that he had previously obtained a doctor's recommendation authorizing him to use medical marijuana, and that his failure to renew the medical marijuana card when it expired did not justify a finding that he was in violation of his probation. We conclude that the court properly found him in violation.

A. *Relevant Law*

"Trial courts are granted great discretion in deciding whether or not to revoke probation." (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.) "A court may revoke probation 'if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . .' [Citation.] 'As the language of [Penal Code] section 1203.2 would suggest, the determination whether to . . . revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.] However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms

5

and conditions of probation. [Citation.]" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982; see Pen. Code, § 1203.2, subd. (a).)

B. *The Court Properly Exercised its Discretion*

The probation condition at issue here "relates to otherwise legal conduct because the medical use of marijuana has been legal in California since 1996 when the electorate passed Proposition 215, the CUA [Compassionate Use Act], codified as Health and Safety Code section 11362.5." (*People v. Hughes* (2012) 202 Cal.App.4th 1473, 1479-1480, fn. omitted (*Hughes*).) Under the CUA, the proscription against possession of marijuana, in violation of Health & Safety Code section 11357[1], does not apply to a patient who possesses marijuana for personal medical purposes upon the written or oral recommendation or approval of a physician. (§ 11362.5, subd. (d).) The Medical Marijuana Program (MMP) was designed to clarify the CUA and facilitate its enforcement. (*People v. Leal* (2012) 210 Cal.App.4th 829, 838 (*Leal*).) Under the MMP, a person who suffers from a "serious medical condition" may "register and receive an annually renewable identification card that, in turn, can be shown to a law enforcement officer who otherwise might arrest the program participant or his or her primary caregiver." (*People v. Kelly* (2010) 47 Cal.4th 1008, 1014 (*Kelly*).) In other words, the identification card identifies the holder as a person authorized to engage in the medical use of marijuana. (§ 11362.71, subd. (d)(3).) Participation in the MMP's identification card system is voluntary. (*Kelly*, *supra*, 47 Cal.4th at p. 1014.)

---

[1] All further statutory references will be to the Health & Safety Code, unless otherwise noted.

6

We initially address defendant's argument that the probation department's alleged "blanket policy" of not permitting probationers to use medical marijuana violates the provisions of the CUA. It is not clear that the probation department had such policy here. Officer Belluscio testified that he "would have to research to see if that's an actual probation policy or if it is a directive that was distributed through our probation e-mail system." In any event, many courts "have affirmed probation terms that prohibit the medical use of marijuana." (*Hughes*, *supra*, 202 Cal.App.4th at p. 1480; see *People v. Moret* (2009) 180 Cal.App.4th 839, 853 and *People v. Brooks* (2010) 182 Cal.App.4th 1348, 1352.)

Defendant next contends that his probation revocation "was actually based on [his] failure to renew his medical marijuana card" after it had expired. He contends that his failure to renew his medical marijuana card did not constitute a violation of his probation. The probation condition at issue stated: "Neither use nor possess any controlled substance without medical prescription. A physician's written notice is to be given to the probation officer." Contrary to defendant's claim, the court found him in violation of his probation because he kept smoking his medical marijuana beyond the expiration of the card, not because he failed to renew his card.

At oral argument, defendant argued that the expiration of a medical marijuana card is not significant, since a doctor can give oral permission for a person to obtain and use marijuana for medical purposes. Defendant is correct that a doctor can give a patient a "written or oral recommendation" for use of medical marijuana. (§ 11362.5, subd. (d).) Moreover, the expiration of a medical marijuana card is not necessarily significant, since

possession of such card is voluntary. (§ 11362.71, subds. (a)(1) & (d)(3); *County of San Diego v. San Diego NORML* (2008) 165 Cal.App.4th 798, 830.) However, what is significant here is that defendant continued to possess and use marijuana after his *medical prescription* had expired. Section 11357 criminalizes the possession of marijuana. Section 11362.5, subdivision (d) exempts "qualified patients . . . 'who obtain and use marijuana for medical purposes upon the recommendation of a physician'" from criminal prosecution. (*People v. Mower* (2002) 28 Cal.4th 457, 482.) In other words, for patients with a medical prescription, the possession of marijuana "is no more criminal . . . than the possession and acquisition of any prescription drug with a physician's prescription." (*Ibid.*) Because defendant's prescription had expired, he was no longer authorized to possess or use marijuana. Moreover, unlike a person who possessed any prescription drug, defendant was on probation, under a term that forbade him from possessing or using any controlled substance without a medical prescription.

Defendant asserted, at oral argument, that there is no requirement that a patient periodically renew a doctor's recommendation regarding medical marijuana use. In support of his argument, he cited the following passage from *People v. Windus* (2008) 165 Cal.App.4th 634 (*Windus*): "[W]e see nothing in the [CUA] that requires a patient to periodically renew a doctor's recommendation regarding medical marijuana use. The statute does not provide . . . that a recommendation 'expires' after a certain period of time." (*Id*. at p. 641.) However, this passage merely points out *the CUA itself* imposes no automatic expiration period on a doctor's recommendation. (*Ibid.*) In the instant case, defendant's medical prescription had expired *on its own* on September 5, 2013.

8

Furthermore, no evidence was presented—either through medical testimony or documentation signed by a doctor—that defendant had a valid medical recommendation for his use of medical marijuana on September 25, 2013, the day he admitted he was still smoking marijuana. *Windus* does not support the notion that he could continue to use marijuana after his doctor's prescription had expired by its own terms. Moreover, it is reasonable to require that a physician's recommendation be current. Eliminating that requirement would mean a defendant, having once obtained a medical marijuana prescription good until a specified date, would remain covered by the protections of the statute indefinitely. Nothing in *Windus* supports this proposition. We further note that, in *Windus*, the defendant's doctor testified on the defendant's behalf, regarding his current need for medical marijuana. (*Id.* at p. 638.) In contrast, there was no physician testimony proffered here to show a current recommendation for defendant to use medical marijuana.

Finally, the issue in this probation proceeding, unlike in *Windus,* was not whether defendant had a right to present a CUA defense to a jury, but whether defendant violated his probation. (See *Windus*, *supra*, 165 Cal.App.4th at p. 639.) Defendant had no valid, unexpired prescription. There was also no testimony presented that he was even continuing to use marijuana for medical purposes.

Ultimately, the court did not abuse its discretion in revoking defendant's probation. Although the court based its finding on defendant smoking marijuana beyond the expiration of the medical marijuana card, rather than the actual prescription, we affirm the result because the task of an appellate court is to "review the correctness of the

challenged ruling, not the analysis used to reach it."  (*In re Baraka H.* (1992) 6 Cal.App.4th 1039, 1045.)  Defendant's unlawful possession and use of marijuana clearly supported the court's conclusion that his conduct constituted a willful violation of his probation.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

KING

J.

MILLER

J.