Filed 4/22/16  P. v. Valenzuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063155 |
| v. | (Super.Ct.No. RIF1405095) |
| JOSE LUIS VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Rafael A. Arreola, Judge. (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jose Luis Valenzuela appeals from a judgment of conviction for sexual battery (Pen. Code, § 243.4, subdivision (e)) and possession of a controlled substance (Health & Saf. Code, § 11377). More specifically, he objects to a condition of probation that instructs him not to "possess nor use medical marijuana even if prescribed by a physician, unless authorized by the [c]ourt."[1] We reject the contention for several reasons, and affirm the judgment.

I

STATEMENT OF FACTS

Due to the nature of defendant's contention, the facts need not be set out in detail. Relevant to the condition of probation challenged was evidence that defendant had supplied marijuana, methamphetamine, and cocaine to a 16-year-old girl. This girl was not the victim of the sexual battery, although both young women were part of the same loose household of somewhat-related adults and younger persons. Defendant was also a resident of the home.

The evidence supporting the conviction was that on at least one occasion, the victim woke up to find defendant kissing her chest area and putting his hands down her pants.

---

[1] Defendant, now approximately 55 years of age, began smoking marijuana at age 17 and had abused methamphetamine for several years before the current offense. The probation report reflects that he possessed a medical marijuana card (although this was self-reported); defendant also told the probation officer that he smoked five joints a day "to help him relax."

After the verdict was returned[2] the trial court placed defendant on three years' formal probation on specified conditions, including the one challenged here.

II

DISCUSSION

Defendant contends that the condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) because it has no relation to his current crimes, does not relate to criminal conduct, and is not related to future criminality.

First, as defendant at least tacitly concedes, any error may be deemed waived because defendant did not object to the condition at trial. (*People v. Welch* (1993) 5 Cal.4th 228, 230, 234-235.) He therefore argues that he received ineffective assistance of counsel because his trial attorney should have objected to the condition.

Even if we assume that counsel *should* have objected to the condition,[3] it is axiomatic that ineffective assistance of counsel does not lead to a remedy unless it caused prejudice to the defendant—that is, that a more favorable result would have been likely had competent legal assistance been provided. In other words, counsel's failures must be serious enough to undermine confidence in the outcome. (*Strickland v. Washington* (1984) 466 U.S. 668, 694 (*Strickland*); *In re Champion* (2014) 58 Cal.4th 965, 1007

---

[2] Defendant earlier pleaded guilty to the possession of methamphetamine charge.

[3] We note that there is no evidence in the record that defendant was in fact entitled to possess marijuana for medical purposes other than his self-serving statement to the probation officer and counsel's similar statement to the court during settlement discussions.

3

(*Champion*).) Furthermore, it is appropriate to consider the issue of prejudice first before examining counsel's performance. (*Strickland*, at p. 697; *Champion*, at pp. 1007-1008.) We therefore proceed directly to the question of prejudice.[4]

Defendant focuses on his supposed legal authority to use marijuana—a point never established in the record, as we have noted, but which we will accept for this purpose. We will therefore agree that the condition relates to conduct which is not itself criminal within the meaning of *Lent*. However, a condition of probation is not invalid unless it fails to meet *all* of the *Lent* criteria. (See *Lent*, *supra*, 15 Cal.3d at p. 486; *In re J.B.* (2015) 242 Cal.App.4th 749, 754.)

First, we disagree that marijuana use has no relationship to the crimes of which defendant was convicted. Given the fact that defendant was also convicted of possessing methamphetamine, marijuana use could reasonably be viewed in light of defendant's tendency to addiction. Furthermore, although defendant was not convicted of offenses against the minor to whom he provided marijuana, the evidence tended to show that his possession of the marijuana was not solely for his personal use. The assertion that "[t]he probation report does not identify a problem with marijuana use" is simply inaccurate. For the same reason the condition *was* reasonably related to preventing future criminality—either unauthorized use or the corruption of minors.

---

[4] We also note that defendant's assertions that counsel was unprepared are speculative. Although counsel had not received the probation report prior to the sentencing hearing, he was given additional time by the court to review it with defendant. Defendant's contention that counsel "had not explained the recommended conditions to [defendant]" is unsupported by the record.

As the People point out, medical authorization to possess and use marijuana must be reconfirmed on an annual basis. (See Health & Saf. Code, § 11362.745.) Defendant was placed on probation for a period of three years. It was therefore eminently reasonable for the court to retain the power to supervise defendant's use of marijuana.

Defendant also implicitly concedes that the court does have the power to restrict or even prohibit the use of marijuana by a "qualified patient" as the term is used in Health and Safety Code section 11362.7, subdivision (f). (*People v. Moret* (2009) 180 Cal.App.4th 839, 853 [construing Health & Saf. Code, § 11362.795, subd. (a)].) He simply argues that because there was no conviction for *illegal* marijuana use in this case (cf. *People v. Hughes* (2012) 202 Cal.App.4th 1473, 1475 ["qualified patient" also convicted of possession for sale]) the condition was invalid. This ignores the evidence that he furnished marijuana to others, including a minor. The fact that he was not prosecuted for that incident does not mean that the court could not consider the evidence as relating to his future criminality.

Hence, even if defendant, through counsel, had objected to the condition, the court would not have been obligated to remove it and we see no likelihood that it would have done so. There was no prejudice under *Strickland*.

We also note that the condition of probation did *not* prohibit defendant from using medical marijuana. It merely required him to obtain judicial approval. There is no indication in the record, of course, that such approval has been withheld, reasonably or

5

otherwise. Insofar as the mechanism for obtaining approval may be somewhat unclear, this is a point as to which the waiver rule may be properly applied.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                            J.

We concur:


RAMIREZ_____
          P. J.


HOLLENHORST_____
          J.