Filed 6/30/16  P. v. Vindiola CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DINO GERARD VINDIOLA,<br><br>        Defendant and Appellant. | E063203<br><br>(Super.Ct.No. FVI1401279)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

The opinion filed in this matter on June 17, 2016 is modified as follows:

On page 8, delete the Disposition and replace it with the following:

We affirm the order denying defendant's petition for resentencing on his conviction for driving or taking a vehicle, Vehicle Code section 10851, pursuant to Penal Code section 1170.18, without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility.

1

Except for this modification, the opinion remains unchanged. This modification does not effect a change in judgment.

NOT FOR PUBLICATION IN OFFICIAL REPORTS

RAMIREZ _____
                                                                    P. J.

I concur:


HOLLENHORST _____
                              J.

Filed 6/17/16  P. v. Vindiola CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DINO GERARD VINDIOLA,

    Defendant and Appellant.

E063203

(Super.Ct.No. FVI1401279)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Dino Vindiola is serving a 12-year prison sentence after pleading no contest to charges stemming from a car theft and admitting six prior prison term enhancements. Defendant appeals from the trial court's denial of his request for resentencing on the conviction for driving or taking a vehicle, Vehicle Code section 10851, pursuant to Penal Code section 1170.18.[1] For the reasons discussed below, we affirm the court's ruling.

STATEMENT OF FACTS AND PROCEDURE

Few facts of the crime are available in this record. On or about April 7, 2014, defendant unlawfully drove or took a 1999 Ford Taurus.

On April 15, 2014, the People filed a second amended complaint charging defendant with the following six counts: (1) carjacking (§ 215, subd. (a)); (2) assault with a firearm (§ 245, subd. (a)(2)); (3) unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)); (4) receiving stolen property (§ 496, subd. (a)); (5) evading an officer (Veh. Code, § 2800.1, subd. (a); and (6) grand theft (§ 487, subd. (a)). The People also alleged defendant had seven prison term priors (§ 667.5, subd. (b)).

On July 14, 2014, defendant pled no contest to counts two, three, four and six and admitted six of the prison term priors. Also on that date the court sentenced defendant to 12 years in prison as follows: the upper term of four years for count two, plus eight months consecutive for counts three, four, and six, plus one year consecutive for each of the prison term priors.

---

[1] All section references, are to the Penal Code unless otherwise indicated.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On January 20, 2015, appellant filed three petitions for resentencing pursuant to section 1170.18, in which he asked to be resentenced on counts three, four, and six.

At a hearing held on February 20, 2015, the trial court reduced count four to a misdemeanor but found counts three and six ineligible under the statute. The court reduced defendant's sentence to 11 years and 4 months.

This appeal followed. Defendant does not challenge the court's denial of his motion regarding count six.

## DISCUSSION

Defendant argues that, although Proposition 47 does not specifically list Vehicle Code section 10851 as a felony offense eligible for reduction to a misdemeanor, the inclusion of Penal Code section 490.2 (petty theft of money, labor or property valued at $950 or less) as an eligible felony necessarily includes theft of a vehicle valued at $950 or less. Defendant further argues that persons convicted of Vehicle Code section 10851 are similarly situated to those convicted under Penal Code section 490.2 and therefore the

3

exclusion from Proposition 47 relief for persons convicted of Vehicle Code section 10851 violates his constitutional right to equal protection under the law.

In response, the People contend (among other things) that, even assuming Penal Code section 1170.18 does apply to a conviction under Vehicle Code section 10851, subdivision (a), defendant did not show that the value of the vehicle was $950 or less so as to make him eligible for resentencing. We find this contention dispositive.

As stated above, Proposition 47 reduced certain theft-related offenses — provided they involve property worth $950 or less — as well as certain possessory drug offenses from felonies (or wobblers) to misdemeanors, unless the defendant has a disqualifying prior conviction. (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2016 rev. ed.) pp. 24-28 (Couzens & Bigelow), available at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf>, as of June 10, 2016.)

Proposition 47 allows persons previously convicted of one of the specified offenses as a felony to petition to reduce the conviction to a misdemeanor. Specifically, it enacted section 1170.18, which, as relevant here, provides:

"(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350,

4

11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b)  Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

"The statute itself is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing.  However, Evidence Code section 500 provides, '[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.'  Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing.'  [Citations.]  In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950.  [Citations.]  The defendant must attach

5

information or evidence necessary to enable the court to determine eligibility. [Citation.]" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.)

Defendant did not meet his burden in this case. He did not allege or provide any information about the value of the car in his petition for resentencing. As a result, the superior court could not "determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18, subd. (b).) Defendant did not meet his burden of alleging a prima facie case of eligibility for resentencing.

"Our conclusion that defendant must provide some evidence of eligibility when he files the petition is supported by the language and structure of the statute. Section 1170.18, subdivision (a) permits offenders currently serving sentences for reclassified offenses to 'petition for a recall of sentence' and 'request resentencing.' 'The statute does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of "evidence" or other proceeding that would compel involvement by the parties. The statute simply states: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the [eligibility] criteria." [Citation.]' [Citation.] Thus, the statute appears to assume most petitions can be resolved based on the filings. We read the statute to fairly imply that in the normal case the superior court will rule on the basis of the petition and any supporting documentation." (*People v. Perkins*, *supra*, 244 Cal.App.4th at p. 137.)

Thus, "[t]he superior court 'will be able to summarily deny relief based on any petition that is facially deficient. Resentencing may be denied based solely on the fact of a prior conviction of a designated "super strike" or any offense requiring registration as a sex offender under section 290(c).' [Citation.] In many cases, a petition will be deficient because the offender seeks resentencing for a crime that has not been reclassified as a misdemeanor. [Citation.] In other cases, the superior court may be able to determine whether a petitioner is eligible for resentencing simply by consulting the record of conviction or evidence submitted by the parties." (*People v. Perkins*, *supra*, 244 Cal.App.4th at p. 138.)

It appears probable from the record[2] that that the trial court denied the petition, not because the petition failed to establish the value of the vehicle, but because the court deemed Proposition 47 inapplicable to a conviction under Vehicle Code section 10851, subdivision (a). Nevertheless, we may affirm its ruling on the former ground. "[T]he task of an appellate court is to 'review the correctness of the challenged ruling, not of the analysis used to reach it.' [Citation.] ""If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' [Citation.]"' [Citation.]" (*People v. Hughes* (2012) 202 Cal.App.4th 1473, 1481.)

---

[2] The relevant portion of the court's ruling is as follows: "50, People versus Vindiola, case FVI-1401279. It would be Counts 2 and 3, not eligible, denied."

**DISPOSITION**

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>

P. J.


We concur:

<u>HOLLENHORST</u>

J.

<u>McKINSTER</u>

J.

8