Filed 6/30/16  P. v. Baird CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW BAIRD,<br><br>    Defendant and Appellant. | A144730<br><br>(Solano County<br>Super. Ct. No. FCR303513) |

Defendant Matthew Baird appeals from the trial court's denial of his petition to recall his sentence pursuant to Penal Code section 1170.18,[1] a recently enacted provision of Proposition 47, and to reduce his prior conviction for receiving a stolen vehicle (§ 496d) from a felony to a misdemeanor.  Because Baird has not met his burden to show that he is eligible for resentencing under Proposition 47, we affirm the denial of his petition without prejudice.

## I.  BACKGROUND

An information filed on December 11, 2013 charged Baird with (1) a felony count of receiving a stolen vehicle, a 1990 Nissan pickup truck (§ 496d, subd. (a)); (2) a felony count of receiving stolen property (a license plate, tools, and a disabled person placard) (§ 496, subd. (a)); and (3) petty theft, a misdemeanor (§ 484, subd. (a)).

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

On January 29, 2014, as part of a negotiated resolution of the case, Baird entered a plea of no contest to the felony charge of receiving a stolen vehicle, and the court dismissed the remaining counts on the prosecution's motion. On February 27, 2014, the court suspended imposition of sentence, placed Baird on three years' formal probation, and ordered him to serve 270 days in jail. On two subsequent occasions, Baird admitted to violating the terms of his probation. In each instance, the court reinstated probation.

On December 3, 2014, while still on probation, Baird filed a petition pursuant to section 1170.18 (the resentencing provision of Proposition 47), asking the court to recall his felony sentence and to resentence him to a misdemeanor. In his petition, Baird argued that, if Proposition 47 had been in effect at the time of his conviction for receiving a stolen vehicle under section 496d, he would have been convicted of a misdemeanor "because the value of the car in his possession was less than $950.00."

In an opposition brief, the district attorney argued Proposition 47 did not affect the punishment for persons convicted of receiving a stolen vehicle under section 496d. The district attorney contended alternatively that, even if Proposition 47 did authorize resentencing for some violations of section 496d (i.e., when the value of the stolen vehicle is $950 or less), Baird was not entitled to relief because the value of the stolen truck he received exceeded $950. In the course of providing a description of the underlying incident based on a police report, the district attorney stated the value of the truck "was listed at $1000."[2]

Baird later filed a bench brief in support of his petition. In that brief, he argued again that the receipt of a stolen vehicle under section 496d is a misdemeanor when the vehicle is valued at less than $950. Baird also contended equal protection principles supported this interpretation of Proposition 47. Finally, the bench brief stated there was no evidence the stolen vehicle received by Baird was valued at more than $950.

At a hearing on February 18, 2015, the court denied Baird's resentencing petition. The court concluded Baird's conviction for receiving a stolen vehicle under section 496d

---

[2] The police report is not in the record on appeal.

2

did not qualify for resentencing under Proposition 47, regardless of the value of the vehicle. The court stated: "I think a vehicle is different from stealing property at Walmart. I also find [incorrect] the notion that the value of the vehicle is somehow dispositive. You know, these vehicles tend to be people's [modes] of transportation, livelihood, making their living. And, you know, a guy that has a car worth $800, that it runs, you tell him that this is the same as shoplifting. That somehow because his car is worth less than say your car, therefore, it's a misdemeanor I think is not in keeping with what the Prop 47 is and the law." Baird appealed.

## II. DISCUSSION

On appeal, Baird argues a person convicted of receiving a stolen vehicle under section 496d is eligible for relief under Proposition 47, even though that offense is not listed as one of the crimes to which Proposition 47 applies. He also argues that denying relief to a person convicted of receiving a stolen vehicle violates equal protection principles because relief is available to similarly situated persons who are convicted of vehicle theft or of receiving stolen property other than vehicles. As we explain, even if Baird's statutory and constitutional arguments were meritorious, he nonetheless would be ineligible for relief under Proposition 47 because he failed to establish that the value of the stolen vehicle involved in his offense was $950 or less.[3]

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug and theft offenses to misdemeanors unless the offenses were committed by otherwise ineligible defendants. (*Id.* at p. 1091.) Among other things, Proposition 47 amended section 496, the statute that makes it a crime to

---

[3] Because we conclude there was no evidence that the vehicle had a value of $950 or less, we need not, and do not, reach the merits of Baird's statutory and constitutional arguments. We note our Supreme Court has granted review in cases that involve the question whether a defendant convicted under section 496d may be eligible for relief under section 1170.18. (See, e.g., *People v. Garness*, review granted Jan. 27, 2016, S231031; *People v. Cook*, review granted Feb. 17, 2016, S231563; *People v. Nichols*, review granted Apr. 20, 2016, S233055.)

receive stolen property, to provide that the offense is a misdemeanor "if the value of the property does not exceed nine hundred fifty dollars ($950)," unless the offense was committed by a defendant who is required to register as a sex offender (§ 290) or has previously been convicted of one or more serious or violent felonies listed in section 667, subdivision (e)(2)(C)(iv). (§ 496, subd. (a).) Proposition 47 did not amend section 496d, which makes it a crime to receive a stolen vehicle.[4]

Proposition 47 also added a new resentencing provision, section 1170.18, which permits "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 [to] petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' " (*Id.* at p. 1093.)

In the present case, Baird petitioned under section 1170.18 to have his felony conviction reduced to a misdemeanor. His claim rests on the premise that a person convicted under section 496d should receive the benefit of Proposition 47 even though the initiative measure did not amend that statute or list it among the statutes to which it applies. Even if his claim had merit, he would still need to establish that the value of the vehicle was $950 or less in order to be entitled to relief under Proposition 47. (See §§ 496, subd. (a), 1170.18, subd. (a); *People v. Sherow* (2015) 239 Cal.App.4th 875, 878–879 (*Sherow*).) Neither the record of conviction nor Baird's resentencing petition

---

[4] Section 496d, subdivision (a) provides: "Every person who buys or receives any motor vehicle, as defined in Section 415 of the Vehicle Code . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both."

4

establishes the value of the 1990 Nissan pickup truck involved in Baird's offense, and Baird acknowledges that he "presumes" the value of the vehicle is $950 or less.

Baird suggests he may not bear the burden to prove that the value of the vehicle was $950 or less. He suggests the prosecution instead may bear the burden to prove the value of the vehicle exceeded $950.

Courts have rejected Baird's position and have held a petitioner moving for relief under section 1170.18 has the initial burden to establish his eligibility for resentencing, including, in the case of a theft offense, the burden to prove the value of the property did not exceed $950. (*People v. Johnson* (June 23, 2016, D068384) __ Cal.App.4th __ [2016 WL 3475987, *5]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449–450; *Sherow, supra,* 239 Cal.App.4th at pp. 878–880.) In *Sherow,* the court explained that it is important to bear in mind that a person seeking relief under section 1170.18 "was validly convicted under the law applicable at the time of the trial of the felony offenses." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) Accordingly, arguments directed to principles relating to proof of guilt at the time of the initial prosecution are misplaced. (*Id.* at p. 880.) "[T]he resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid.*) According to the court in *Sherow,* "[i]t is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.) This conclusion is a natural corollary of the principle that " '[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' " (*Id.* at p. 879; see Evid. Code, § 500.)

We agree with the analysis in *Sherow*, and we hold Baird had the "initial burden of proof" to "establish the facts[] upon which his . . . eligibility is based," including showing the value of the vehicle did not exceed $950. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879–880.) Here, Baird's counsel's assertion in the petition about the vehicle's value, without any evidence supporting it, is insufficient to establish the vehicle's value.

5

Instead, a proper resentencing petition "could certainly contain at least [Baird's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

In support of his suggestion that the prosecution should bear the burden of proof as to the value of the vehicle in determining eligibility for resentencing under Proposition 47, Baird cites cases addressing the resentencing procedure under the Three Strikes Reform Act of 2012 (Proposition 36). Under section 1170.126, the resentencing provision of Proposition 36, a prisoner serving a third strike sentence (an indeterminate life term) for a felony that is not statutorily defined as serious and/or violent may petition to be resentenced and to receive a second strike sentence of twice the term otherwise authorized for the current felony. (§ 1170.126, subds. (b), (e)(1), (f); see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1); *People v. Johnson* (2015) 61 Cal.4th 674, 679–680.) An inmate is disqualified from resentencing if exceptions based on his or her current offense or prior offenses are present. (§ 1170.126, subd. (e)(2)–(3); see §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); *People v. Johnson, supra,* 61 Cal.4th at pp. 681–682.)

Appellate courts have concluded that, when a trial court must determine whether an inmate is ineligible for resentencing under Proposition 36 because an exception based on his or her current or former offenses applies, the court must make that determination based on the record of conviction. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327, 1332, 1337–1340 [court was limited to record of conviction in determining whether, during the commission of his "current" offense, the defendant "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person," and thus was ineligible for resentencing pursuant to §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), and 1170.126, subd. (e)(2)].)[5] As to the

---

[5] Cf. *People v. Johnson, supra,* __ Cal.App.4th __ [2016 WL 3475987, *7–*8] (stating that, under Proposition 36, a petitioning defendant is limited to the record of conviction in seeking to meet his or her *initial* burden of establishing eligibility for

6

burden of proof of such disqualifying factors, courts have held the prosecution must prove a defendant's current or prior offense renders him ineligible for resentencing under Proposition 36.  (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029, 1040 (*Osuna*)) [trial court must "find the existence of a disqualifying factor by a preponderance of the evidence"]; see *People v. Arevalo* (2016) 244 Cal.App.4th 836, 842, 848–849, 852–853 [disagreeing with *Osuna* as to standard of proof; holding court must find beyond a reasonable doubt the existence of a factor rendering defendant ineligible for resentencing].)

Proposition 47, like Proposition 36, specifies disqualifying factors that may render a defendant ineligible for resentencing.  Specifically, a defendant who committed a qualifying offense will nonetheless be ineligible for resentencing if he or she has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv) (sometimes referred to as " 'super strikes' " (see *People v. Johnson, supra,* 61 Cal.4th at pp. 681–682)), or if he or she is required to register as a sex offender pursuant to section 290, subdivision (c).  (§ 1170.18, subd. (i).)  Whichever party has the burden of proof as to the existence of these disqualifying factors,[6] we agree with *Sherow* and the other cases cited above that a petitioner seeking relief under Proposition 47 has the initial burden to show he committed a qualifying offense, including, as to a qualified theft offense, that the value of the property taken did not exceed $950.  (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879–880; accord, *People v. Johnson, supra,* __ Cal.App.4th __ [2016 WL 3475987, *5]; *People v. Perkins, supra,* 244 Cal.App.4th at pp. 136–137; *People v. Rivas–Colon, supra,* 241 Cal.App.4th at pp. 449–450; Couzens & Bigelow, Proposition 47 "The Safe

_____

resentencing, "namely, the requisite conviction and sentence set forth in section 1170.126, subdivision (e)").

[6] Although we need not decide this question to resolve the present appeal, the prosecution may bear the burden of establishing the existence of such disqualifying factors under Proposition 47, as it does under Proposition 36.  (See *Osuna, supra,* 225 Cal.App.4th at p. 1040 [Proposition 36]; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016) <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of June 30, 2016], pp. 10, 42.)

Neighborhoods and Schools Act," *supra*, at pp. 10, 38, 41–42 [petitioner has initial burden to establish he or she committed a qualifying offense; prosecution has burden to prove existence of disqualifying factor].)  And we also agree that a petitioner seeking to meet this initial burden may submit evidence outside the record of conviction, such as his own declaration describing the property taken.  (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [a proper resentencing petition under Proposition 47 "could certainly contain at least [the defendant's] testimony about the nature of the items taken"]; *People v. Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5 [in many cases, "the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value"; petitioners may seek to meet their burden on this issue by "submit[ting] extra-record evidence probative of the value when they file their petitions for resentencing"]; *People v. Johnson, supra,* __ Cal.App.4th __ [2016 WL 3475987, *8].)

As Baird notes, the trial court denied the petition, not because Baird failed to establish the value of the vehicle, but because the court concluded Proposition 47 did not apply to a conviction under section 496d.  But we may affirm its ruling on the former ground.  "[T]he task of an appellate court is to 'review the correctness of the challenged ruling, not of the analysis used to reach it.'  [Citation.]  ' " 'If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " ' "  (*People v. Hughes* (2012) 202 Cal.App.4th 1473, 1481.)  And Baird is incorrect in suggesting he had no opportunity to submit evidence as to the value of the vehicle.  As noted, Baird could have submitted such evidence with his resentencing petition.

Because Baird did not submit evidence with his petition to satisfy his initial burden as to the value of the vehicle involved in his offense, we affirm the trial court's denial of his Proposition 47 resentencing petition.

## III. DISPOSITION

The order denying Baird's petition to recall his sentence and for resentencing under section 1170.18 is affirmed, without prejudice to consideration of a properly filed petition.

_____

Streeter, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.

A144730/*People v. Baird*

10